**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anett C. Pierce, <br><br> Plaintiff, <br><br> vs. <br><br> Michael J. Astrue, Commissioner of Social Security Administration, <br><br> Defendant. | No. CV-06-02666-PHX-NVW <br><br> **ORDER** |

Before the Court is Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 54). Defendant has not responded to Plaintiff's motion.

**I.    Background**

Plaintiff filed an application for Social Security Disability benefits on July 10, 2003, which was denied initially and upon reconsideration. An administrative law judge affirmed the denial of benefits, and this court affirmed the administrative law judge's decision on October 26, 2007. The Ninth Circuit reversed and remanded the case for an award of benefits. On remand, Plaintiff was awarded $94,746 in past due benefits, $22,144.50 of which was withheld for payment of attorney fees (Doc. 54-1). On August 4, 2010, Plaintiff sought $19,861.30 in attorney's fees and costs under the Equal Access to Justice Act (EAJA) (Doc. 44). The Court awarded $17,789.51 in fees and $805.00 in costs, for a total EAJA award of $18,594.51 (Doc. 51). Plaintiff's counsel now seeks an award of $23.686.65 under

1 | 42 U.S.C. § 402(b) (Doc. 54).

**II.      Discussion**

Plaintiff retained counsel under a contingency fee agreement providing for payment to counsel of twenty-five percent of the past due benefits awarded to Plaintiff. Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits[.]" Although Section 406(b) "does not displace contingent-fee agreements" that fall within the twenty-five percent statutory maximum, the Court does "review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In determining whether the fee sought is "reasonable for the services rendered[,]" *id.* at 807, the Court may consider the character of the representation, the results achieved, performance, delay, and whether the benefits were proportionate to the time spent on the case. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009). A reduction in fees may be warranted if the "benefits are large in comparison to the amount of time counsel spent on the case[,]" or the attorney "is responsible for delay ... so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808.

Here, Plaintiff's counsel requests a § 406(b) award in the amount of $23,686.65. Counsel performed 104.65 hours of work, which results in an hourly rate of $226.35. This rate is not presumptively unreasonable; indeed, courts have found much higher hourly rates to be reasonable. *See, e.g.*, *Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (awarding $600 hourly rate). In light of the contingency fee agreement, and accounting for the risk inherent in contingency fee arrangements, the proportionality of the award, and counsel's successful representation of Plaintiff, the Court finds the amount sought is reasonable. The Court will award Plaintiff $23,686.65 under § 406(b), which will be offset by the previously awarded EAJA fee. *See Gisbrecht*, 535 U.S. at 796 (noting that although

Congress permits fee awards under both the EAJA and § 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee").

IT IS THEREFORE ORDERED that Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 54) is granted in the amount of $23,686.65. Counsel shall refund the previously awarded EAJA fee of $17,789.51 to Plaintiff.

DATED this 22nd day of August, 2011.

Neil V. Wake
United States District Judge